IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DONALD DIMSDALE,                          )
                                          )
                        Plaintiff,        )
                                          )
v.                                        )        No. CIV-05-544-L
                                          )
MARIA CINO,[1] Acting Secretary           )
Department of Transportation              )
Federal Aviation Administration,          )
                                          )
                        Defendant.        )

# **O R D E R**

Plaintiff, Donald R. Dimsdale, acting *pro se* filed this action on May 17, 2005,

seeking damages "for discrimination, reverse affirmative action, failure to hire, age

discrimination, marital status, black list and unhonorable (sic) hiring practices."

Complaint at 1-2.  This matter is before the court on defendant's Motion to Dismiss

or in the Alternative Motion for Summary Judgment.  Defendant seeks dismissal for

failure to comply with Fed. R. Civ. P. 8, lack of subject matter jurisdiction, and failure

to state a claim.  In the alternative, defendant moves for summary judgment.  As

both parties have submitted matters outside the pleadings to the court, the court will

convert the motion to dismiss to a motion for summary judgment.  *See* Fed. R. Civ.

P. 12(b).

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Maria Cino, Norman Y. Mineta's successor, has been automatically substituted as a party to this action.

Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party "must set forth *specific* facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The undisputed facts establish that plaintiff was employed by the Federal Aviation Administration ("FAA") on June 11, 1973. Exhibit B to Plaintiff's Response

2

to Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment at 9 [hereinafter cited as "Plaintiff's Response"].  He was subject to a one-year probationary period.  Id.  On May 20, 1974, plaintiff resigned his position in lieu of being terminated.  Exhibit 13 to Motion to Dismiss or in the Alternative Motion for Summary Judgment at 2 [hereinafter cited as "Defendant's Motion"].  Plaintiff claims, and for purposes of this motion the court accepts as true, that he "submitted employment Applications to Defendant, which have been in their possession, dated November 12, 1974, June 28, 1976, and February 10, 1977, April 20, 1977, November 4, 1978 and yearly thereafter through 1998."  Plaintiff's Response at 3.

On August 13, 2002, plaintiff filed a formal complaint of discrimination with the FAA.  Exhibit 1 to Defendant's Motion.  He alleged "reverse discrimination due to affirmative action policies" and age discrimination.  Id.  The claim accepted for investigation was "[w]hether the FAA treated you differently, based on your race (white) and age (over 40) when it did not select you for an Air Traffic Controller position since 1974."[2]  Exhibit 2 to Defendant's Motion at 1.  After the agency's Report of Investigation was issued, plaintiff requested a hearing before an Administrative Judge.  The Administrative Judge issued a decision without a hearing on June 10, 2004.  Exhibit 7 to Defendant's Motion.  The Administrative Judge found plaintiff failed to establish a *prima facie* case of race or age discrimination.  Id. at 6.

---

[2]In 1974, plaintiff was 25 years old.  He was not therefore subject to the protection of the Age Discrimination in Employment Act, 29 U.S.C. §§ 631-634, until 1989 when he turned 40.  29 U.S.C. § 631(a).

In addition, the Administrative Judge held defendant's claims were untimely because defendant failed to contact an Equal Employment Opportunity counselor as required by law.  Id. at 6-7.  Plaintiff appealed the Final Agency Decision to the Equal Employment Opportunity Commission Office of Federal Operations, which affirmed the agency's decision on February 17, 2005.  Exhibit 10 to Defendant's Motion. Plaintiff filed this action 89 days later.

Based on the record before the court, it is clear that plaintiff's claims for marital status, blacklisting, and dishonorable hiring practices must be dismissed for failure to exhaust administrative remedies.  Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII.  Woodman v. Runyon, 132 F.3d 1330, 1341 (10th Cir. 1997); Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996), cert. denied, 520 U.S. 1115 (1997).  As plaintiff failed to file any administrative charge with respect to these claims, they are barred.  See Sizova v. National Institute of Standards & Technology, 282 F.3d 1320, 1325 (10th Cir. 2002).

Defendant asserts plaintiff's remaining claims for race and age discrimination must be dismissed either because plaintiff cannot establish a prima facie case or because they are time-barred.  Federal regulations mandate that aggrieved employees "consult a Counselor prior to filing a complaint in order to try to informally resolve the matter."  29 C.F.R. § 1614.105(a).  The regulations require initiation of "contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date

4

of the action." 29 C.F.R. § 1614.105(a)(1). Although the failure to consult a counselor in a timely manner does not deprive the court of subject matter jurisdiction,[3] it does subject plaintiff's claims to dismissal.

The record clearly demonstrates that plaintiff did not comply with the 45-day requirement. Plaintiff's failure to hire claims constitute discrete acts of discrimination, each of which requires compliance with the 45-day requirement. *See* National Rail Road Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002). According to plaintiff, he last applied to the FAA in 1998. He did not, however, consult an EEO counselor until 2002. Plaintiff has presented no evidence that would support tolling any of the 45-day periods; rather, this is a case where plaintiff has slept on his rights and has not actively pursued his remedies. *See* Turgeau v. Administrative Review Bd., 446 F.3d 1052, 1058 (10th Cir. 2006). The court concurs with the Administrative Judge's conclusion that plaintiff's claims are "extraordinarily stale."[4] Dismissal for failure to timely exhaust administrative remedies is therefore warranted.

In sum, defendant's Motion to Dismiss (Doc. No. 13) is DENIED as moot. Defendant's Alternative Motion for Summary Judgment (Doc. No. 13) is GRANTED. This action is DISMISSED with prejudice for lack of jurisdiction and for failure to

---

[3]*See* Sizova, 282 F.3d at 1325.

[4]Exhibit 7 to Defendant's Motion at 7.

timely exhaust administrative remedies.  Judgment will issue accordingly.

It is so ordered this 13th day of July, 2006.

*Tim Leonard*

TIM LEONARD
United States District Judge